## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MALIBU MEDIA, LLC,**

           **Plaintiff,**

v.                                          **Case No. 8:14-cv-2344-T-36TBM**

**JOHN DOE, subscriber assigned**
**IP address 71.251.121.195,**

           **Defendant.**
_____/

### O R D E R

THIS MATTER is before the Court on Plaintiff's **Motion for Leave to Serve a Third Party Subpoena Prior to the Rule 26(f) Conference** (Doc. 7). Plaintiff filed this action alleging copyright infringement against an unnamed Defendant for allegedly unlawfully reproducing and distributing Plaintiff's copyrighted works. By its Motion, Plaintiff seeks leave to conduct limited, immediate discovery on the John Doe Defendant's Internet Service Provider ("ISP") in order to learn his or her true identity. By the allegations, "John Doe" (the "Doe Defendant") used the Internet and BitTorrent protocol to commit copyright infringement. Through its investigation, Plaintiff has identified the Doe Defendant's Internet Protocol ("IP") address from which the allegedly infringing conduct occurred.

Pursuant to Fed. R. Civ. P. 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent order of the court or other special circumstance. Permission to take expedited discovery prior to the Rule 26(f) conference may

be granted upon a showing of good cause.  *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Here, Plaintiff establishes that it holds copyrights for several films that have been allegedly copied and distributed by the Doe Defendant without permission or authority through the use of BitTorrent protocol, as demonstrated through a forensic investigation which reasonably confirms that Doe Defendant's IP address was being used on the BitTorrent peer-to-peer network to reproduce and display Plaintiff's copyrighted work.  (Doc. 7-4). Plaintiff has also clearly identified the information sought through the requested discovery by providing Defendant's IP address as well as the most recent "hit date"[1] and time, city, state, title of the work, and file hash values associated with Defendant's IP address.  (Doc. 1-2). Specifically, Plaintiff seeks to discover the true name, address, telephone number, and e-mail address for the Doe Defendant.  Plaintiff shows that it has no other way to obtain the Doe Defendant's true identity.  (*See* Doc. 7-3); *see also Arista Records*, 2008 WL 542709, at *1. Thus, Plaintiff has shown good cause to issue a third-party subpoena prior to the Rule 26(f) conference.

---

[1]The "hit date" reflects the date on which Plaintiff's investigator was able to make a connection with Defendant's IP address to download pieces of Plaintiff's movies from Defendant.

2

Accordingly, upon due consideration, it is hereby ORDERED:

1. Plaintiff's **Motion for Leave to Serve a Third Party Subpoena Prior to the Rule 26(f) Conference** (Doc. 7) is **GRANTED**.

2. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena to determine the name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned IP address 71.251.121.195. Plaintiff may also serve a Rule 45 subpoena on any other ISP that may be later identified in response to the initial subpoena.

3. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena, and if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5),[2] then this Order shall be considered an appropriate court order under 47 U.S.C. § 551.[3]

4. Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

---

[2]"[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[3]"A cable operator may disclose [personally identifiable information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

3

6.  Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint (Doc. 1).

7.  Once the identity of the Doe Defendant is discovered, Plaintiff must notify the Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Doe Defendant at least fourteen (14) days prior to seeking an issuance of a summons from the Clerk for the identified Doe Defendant.

**Done and Ordered** in Tampa, Florida, this 2nd day of December 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4